UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS AND DAVCRANE, INC. | § § § | |
| vs. | § | Civil Action No. B-03-206 |
| FINNING INTERNATIONAL, INC. | § § § | |

PLAINTIFFS' MEMORANDUM REGARDING THE
FIRST-TO-FILE DOCTRINE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Daniel E. Davis and Davcrane, Inc. (referred to collectively as "Davis"), submit this Memorandum regarding the First-to-File Doctrine that has been raised in the motion to stay, dismiss, or transfer of Defendant Finning International, Inc. ("Finning").

I.
BACKGROUND

1.1   Defendant Finning has filed a multifarious motion requesting this Court stay, dismiss, or transfer this action. Davis will be filing a comprehensive brief regarding those motions before the date of submission. Before those motions will be submitted, however, this Court will be hearing Davis's request for a temporary injunction. Because the first-to-file doctrine will likely be an issue during the hearing, Davis is submitting this memorandum regarding the applicability and exceptions to the first-to-file doctrine.

1.2   Finning and Davis entered into a distributorship agreement in July 2002. Under the agreement, Davis assembles machinery and equipment that are then sold on the market. Finning has failed and refused to perform under the distributorship

agreement, including its failure to pay approximately $750,000 required under the agreement, and has committed tortious conduct that has caused Davis to suffer damages.

1.3   Around the beginning of November 2003, Finning knew that Davis was about to file a lawsuit against it. In what it admits was an anticipatory lawsuit meant to secure venue in the Houston Division of the Southern District of Texas, Finning raced to the courthouse to file suit first.

1.4   On November 5, 2003, Finning filed suit in the Houston Division. Making itself the Plaintiff in that action, Finning has requested the district court compel arbitration, preserve the property held by Davis, and enforce any arbitration award rendered regarding its breach of the distributorship agreement. Although Finning has expressed a claim regarding preservation of property (i.e., the equipment that is ready to be sold on the market and could be utilized to fund the operations of the parties), it has not requested an injunction hearing.

1.5   Two days later, on November 7, 2003, not knowing that Finning had filed suit in Houston, Davis filed this action. This action seeks recovery against Finning for the damages it caused Davis and seeks injunctive relief regarding the ability to sell the machinery and equipment that is ready for sale, so that Davis can use the funds to maintain its going business operations.

1.6   Finning has indicated in its motion that it believes this action should be stayed or dismissed based on the first-to-file doctrine because it filed the lawsuit in Houston before this lawsuit was filed. Davis anticipates Finning will object to the temporary injunction hearing based on this doctrine. Davis submits this memorandum explaining why the first-to-file doctrine does not apply in this case.

## II.
## THE FIRST-TO-FILE DOCTRINE

2.1 Finning is asking this Court to stay or dismiss this action based on the "first-to-file" doctrine. As Finning states in its motion, the Fifth Circuit has adopted the rule that when two parties file substantially the same suit against each other in different jurisdictions, the court that generally has priority is the one in which suit was filed first. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985).

2.2 The first-to-file doctrine, however, is not applied rigidly or mechanically. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) (holding the district court was within its discretion in dismissing the first-filed lawsuit because it had been filed as a means of forum shopping in anticipation of the later-filed action). Although there are several exceptions to the first-to-file presumption, one of these exceptions – the anticipatory suit exception – so obviously applies in this case that there is no need to address any others.

2.3 Several circuits, including the Fifth Circuit, have recognized that the first-to-filed doctrine will not apply if the plaintiff that filed suit first did so in anticipation of being sued, so as to set the venue. *Mission Ins. Co.*, 706 F.2d at 602, n.3; *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971-72 (3rd Cir. 1988) (holding the court was within its discretion in declining the invoke the first-to-file rule when the University filed the suit first when it knew the EEOC action was imminent); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987); *Pacific Employers Ins. Co. v. M/V W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998) (citing *Mission Ins. Co.* for the proposition that the anticipatory suit exception eliminates the "race to the courthouse door in an attempt to preempt a later suit in another forum").

2.4    The reasoning behind this exception is two-fold. First, a plaintiff should not lose his traditional choice of forum because the defendant anticipated the impending suit and preemptively struck by filing suit first in a different court. *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 998 (E.D. Tex. 1998). A party should not be allowed to switch from defendant to plaintiff not to pursue a claim but solely to pick the forum from which it wishes to fight.

2.5    The second basis for the anticipatory suit exception is that it discourages a party from creating wasteful litigation and conflict. Because the first-to-file doctrine is based on comity and equity, it should not apply when the potential conflict between the courts was purposefully created by the party who raced to the courthouse to file first. *EEOC*, 850 F.2d at 978. A general rule of equity is that it is not available to a party who does not come to the court with clean hands. *New York Football Giants, Inc. v. Los Angeles Chargers Football*, 291 F.2d 471, 473 (5th Cir. 1961) (this is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.").

2.6    In this case, Finning has judicially admitted that it filed the first lawsuit as an anticipatory lawsuit. It stated in its motion to this Court "in anticipation that Plaintiff might file suit to try to avoid arbitration, Finning filed suit to compel arbitration in federal court in the Southern District of Texas, Houston Division, prior to the filing of the present suit." Motion of Finning, pp. 1-2.

2.7    Because Finning filed its lawsuit in anticipation of this lawsuit, it is not entitled to rely on the first-to-file doctrine as a means of setting venue and giving the Houston court priority over that action in which it is the plaintiff. The anticipatory lawsuit exception was created to prevent the exact conduct and arguments of Finning. It should not be allowed to come to this Court seeking equity when its hands are soiled

by its purposeful creation of the conflict for which it now seeks relief. Although courts will sometimes allow the court where the first lawsuit was filed to first rule on the first-to-file doctrine, the conduct of Finning was so blatant and has been judicially admitted by Finning so that this Court can disregard the first-to-file doctrine with regard to this action.

Respectfully submitted this 11th day of December, 2003.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

_____
Ray R. Marchan
Attorney for Plaintiff
State Bar No. 12969050
Federal I.D. No. 9522

### CERTIFICATE OF SERVICE

On this 11th day of December, 2003, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN