IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 2 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS and DAVCRANE, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-03-206 |
| | § | |
| FINNING INTERNATIONAL, INC. | § | |
| | § | |
| Defendant. | § | |

**REPLY BRIEF OF FINNING INTERNATIONAL, INC.
IN RESPONSE TO PLAINTIFFS' MEMORANDUM REGARDING
THE FIRST-TO-FILE DOCTRINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Finning International, Inc. ("Finning") replies to Plaintiffs' Memorandum Regarding the First-to-File Doctrine as follows:

**Introductory Statement.** The present suit should be dismissed or stayed for several reasons. The parties previously agreed to arbitrate their dispute, and the law is clear that all claims relating to such an agreement, whether they sound in contract or tort, must be stayed pending the arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-49 (1986); *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 636 (5th Cir. 1985) (fraud-in-the-inducement case.). A defendant's right to such a stay is so important that a refusal to stay a suit is subject to immediate appellate review. 9 U.S.C. §16 (West 1999). Moreover, and independently, Finning filed suit in federal court in Houston prior to the filing of the present suit, to compel and preserve the arbitration. Such a first-filed suit takes priority over the present case. Finning previously filed a comprehensive Rule 12(b)

motion supporting its contentions. (Docket No. 4).

While Finning's motion was pending, the Court conducted a hearing to discuss Plaintiffs' request for injunctive relief, which resulted in the Court directing the parties to mediate their dispute. Unfortunately, despite lengthy discussions, the mediation did not resolve the dispute. As a result, Finning's motion is now ripe for determination.

Plaintiffs have filed an opposition to Finning's motion, limited to the sole issue of whether the first-to-file doctrine applies to the present case. Without waiving or restating its other arguments, which independently support a stay or dismissal, Finning now responds to Plaintiffs' memorandum on the first-to-file issue.

**Plaintiffs' Memorandum Relies on Cases that Entirely Miss the Point.** Plaintiffs begin their Memorandum by acknowledging the general rule: in situations where two federal suits are pending concerning the same dispute, the first lawsuit takes priority. Plaintiffs, however, assert that an exception to the general rule exists for "anticipatory suits," and they claim that this exception obviously applies in this case.

Plaintiffs are simply wrong about the law. No such exception exists except in circumstances where the first suit is a declaratory judgment action.[1] Since Finning's suit filed in the Houston federal court did not involve a request for declaratory relief, the Plaintiffs' cases are totally inapposite.

The line of caselaw cited by Plaintiffs is based upon the unique nature of declaratory judgment actions, which do not always provide an independent basis for venue. 10B C. Wright, A. Miller and M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2758 (1998). The commentators discuss a line of caselaw that holds that the general priority given to first-filed cases does not automatically apply

---

[1] Plaintiffs cite six cases for this "rule." All of the cases but one unquestionably are based upon the existence of a declaratory action (as discussed herein). The sixth case, *EEOC v. University of Pennsylvania*, 850 F.2d 969 (3rd Cir. 1988) involves numerous equitable factors such as bad faith, forum shopping, and the deference accorded Title VII issues, and it does not

-2-

when the first suit is solely a declaratory judgment action. *Id.* at 528-30. This is very, very different from the Plaintiffs' characterization of the caselaw.

One of Plaintiffs' cases, cited because it supposedly supports the rationale of barring "anticipatory suits," discusses the matter as follows:

> The reason that many courts have disallowed use of a declaratory judgment action to establish venue is found in the underlying purposes of the Declaratory Judgment Act (the "Act"), codified at 28 U.S.C. §2201 .... In *Koch Engineering Company, Inc. v. Monsanto Company*, 621 F.Supp. 1204, 1206 (D.C. Mo. 1985), the court rejected the first-to-file rule, holding that the plaintiff's suit was no more than a race to the courthouse, and that it furthered [**12] none of the purposes of a declaratory judgment action. Rather, it denied the injured party the right to choose the forum in which to seek redress. *Id.* at 1207; see also *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969), cert. denied, 395 U.S. 959, 23 L. Ed. 2d 745, 89 S. Ct. 2100 (1969).

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 998 (E.D. Tex. 1998) (cited on p. 4 of Plaintiffs' Memorandum). Thus, the real rationale of the exception is that the injured party should be able to choose its forum, and that a purely defensive declaratory action should not be allowed to interfere with that choice. In the present dispute, Finning has asserted affirmative claims in the arbitration (namely, that it has been damaged due to Plaintiffs' multiple contract breaches), and it has filed an affirmative claim in the Houston suit to enforce and in aid of the arbitration. The fact that the Plaintiffs have asserted, in this Court, what amounts to a counterclaim does nothing to affect Finning's right to choose its forum. In any event, it is beyond dispute that Finning's claims are not purely defensive or limited to declaratory relief, and therefore neither the letter nor the rationale of the exception applies.

The Fifth Circuit cases cited by Plaintiffs are also clearly based only upon declaratory judgment claims. *Pacific Employers Ins. Co. v. M/V W.D. Cargill*, 751 F.2d 801, 801 (5th Cir. 1985) ("This

---

establish an "anticipatory suit" rule. In any event, as described below, the equitable factors also favor Finning.

Court has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping."); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 599-602 (5th Cir. 1983) ("This declaratory judgment action was filed ... seeking construction of a[n] [insurance] policy .... In determining whether the district court acted correctly it is important to consider the nature of a declaratory judgment.) Indeed, footnote 3 of the *Mission* case, relied upon heavily by Plaintiffs, quotes a Seventh Circuit case with approval as follows: "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *Id* at 606.

There simply is no "anticipatory suit" exception as suggested by Plaintiffs, except when a plaintiff asserts a declaratory judgment claim for the purpose of securing an otherwise improper venue.

**Finning has not asserted a Declaratory Judgment Claim, and the arbitration statutes provide for venue in Houston over Finning's other claims.** Finning has previously filed with this Court a copy of the Complaint that it filed in the Houston federal district court. (Exhibit "1" to Docket No. 4). Finning's claims do not include a request for declaratory relief at all. Instead, Finning asks for the Houston court to compel arbitration and to protect the assets that are subject to the parties' dispute during the pendency of the arbitration.

Finning's suit in Houston is expressly allowed by the statutes and rules applicable to arbitrations. TEX. CIV. PRAC. & REM. CODE § 172.175 (Vernon's 2003) provides that "[a] party to an arbitration agreement may request an interim measure of protection from a district court before or during an arbitration." The Federal Arbitration Act, 9 U.S.C. § 204, makes clear that the proper forum for filing a request to the court is the city in which the arbitration is to be conducted. In the present case, the parties' agreement stipulated that Houston was the venue for the arbitration. Further,

under the both the federal and state acts, courts have jurisdiction to compel an arbitration and to confirm the award. 9 U.S.C. §206; TEX. CIV. PRAC. & REM. CODE § 172.174. Finally, Article 21(3) of the International Arbitration Rules of the American Arbitration Association, adopted by the parties by

compatible with the agreement and is not a waiver of the right to arbitrate.

Thus, without doubt, Finning acted properly by filing suit in aid of the arbitration, and its suit was filed prior to the present suit.

**Unclean Hands.** The application of the general first-to-file rule to the present case should end the discussion, but Plaintiffs raise yet one last argument in their Memorandum, asserting that Finning has unclean hands by virtue of its filing of the Houston case. In fact, just the opposite is true.

number of their employees in a plea for quick injunctive action, even though the parties' dispute had been pending for over four months and even though Plaintiffs could have pursued relief through either the arbitration process or in the Houston suit. It is worth noting that Plaintiffs have now filed an answer in the Houston suit, but have asserted no challenge to either jurisdiction or venue, which are therefore waived. Thus, venue in the Houston court is not only unquestionable, it is also uncontested. Finning respectfully submits that this Court, however, is not the proper or agreed venue for a resolution of the disputes between these parties. Finally, and importantly, instead of seeking injunctive relief <u>in aid of</u> the arbitration (as did Finning), the Plaintiffs sought injunctive relief <u>in contravention of</u> the arbitration. While the federal and state arbitration statutes allow Finning's suit, those statutes expressly disallow Plaintiffs' action.

**Conclusion.** Finning does not lightly impute unclean hands to any party, but in this case it asks that the Court recognize the Plaintiffs' charade for what it is: an attempt to circumvent their arbitration agreement and to forum shop in contravention of the controlling statutes. The Plaintiffs should be compelled to arbitrate, as they agreed. Moreover, to the extent that any federal court should maintain jurisdiction ancillary to the arbitration, the proper court is the Houston court, which is the only proper venue provided for by the arbitration statutes.

WHEREFORE, PREMISES CONSIDERED, Finning respectfully requests that this Court grant Finning's previously filed motion seeking the dismissal, stay, or transfer of this suit.

Respectfully submitted,

Jeffery R. Koch
Texas Bar No. 11645250
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5593 (Telephone)
(713) 752-0337 (Facsimile)

ATTORNEY FOR DEFENDANT

OF COUNSEL:

SHANNON, MARTIN, FINKELSTEIN & SAYRE
A Professional Corporation
Mark S. Finkelstein
Texas Bar No. 07015100
S.D. Tex. No. 5543
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of January, 2004, I caused a true copy of the foregoing Reply Brief Of Finning International, Inc. Inc.'s Response To Plaintiffs' Memorandum Regarding The First-To-File Doctrine to be served by certified mail, return receipt requested upon Ray R. Marchan, Mikal C. Watts, Watts Law Firm, L.L.P., 1926 E. Elizabeth, Brownsville, Texas 78520 and Alton W. Payne, Law Offices of Alton W. Payne, 5001 Bissonnet, Suite 200, Bellaire, TX 77401, counsel for Plaintiffs, Daniel E. Davis and Davcrane, Inc.

Jeffery R. Koch