IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANIEL E. DAVIS and DAVCRANE, INC. § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. B-03-206 |
| § | |
| FINNING INTERNATIONAL, INC. § | |
| § | |
| Defendant. § | |

**FINNING INTERNATIONAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION FOR EMERGENCY HEARING
ON REQUEST FOR TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Finning International, Inc. ("Finning") opposes Plaintiffs' Motion for Emergency Hearing on Request for Temporary Injunction, for the following reasons:

1. The Court should deny Plaintiffs' Motion for Emergency Hearing on Request for Temporary Injunction, for at least four independent reasons.

2. **First,** Finning has previously filed briefs with the Court establishing that this suit should be stayed, transferred, or dismissed, because of the parties' agreement to arbitrate their dispute and because Finning filed suit prior to the present case in order to aid in the arbitration. Finning incorporates its prior filings here by reference. (See Docket nos. 4, 6, 12, and 16). The law is clear that all claims relating to an agreement which contains an arbitration provision must be stayed or dismissed pending the arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983); *AT&T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648-49 (1986); *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane,* 773 F.2d 633, 636 (5th Cir. 1985) (fraud-

in-the-inducement case); *Smith, Barney, Harris Upham & Co., Inc. v. Robinson*, 12 F.3d 515, 520 (5th Cir. 1994); *Folse v. Richard Wolf Medical Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995).

3. A defendant's right to such a stay is so important that a refusal to stay a suit is subject to immediate appellate review. 9 U.S.C. §16 (West 1999). Moreover, and independently, Finning's prior-filed suit in federal court in Houston takes priority over the present case. While a suit and injunctive request to aid in the arbitration (such as Finning's Houston suit) is expressly allowed by the statutes and case law, a suit and injunctive request (such as the Plaintiffs' case) that seeks to disregard the arbitration is not permitted. TEX. CIV. PRAC. & REM. CODE § 172.175 (Vernon's 2003) ("[a] party to an arbitration agreement may request an interim measure of protection from a district court before or during an arbitration"); *RGI, Inc. v. Tucker & Assocs., Inc.*, 858 F.2d 227, 228-30 (5th Cir. 1988) (concluding that "it was appropriate for the district court to issue the preliminary injunction to insure that the arbitration clause of the contract will be carried out as written"). Finning objects to any hearing that would address the merits of the dispute in contravention of the arbitration process.

4. **Second,** Plaintiffs' counsel has previously admitted that the contract claims should be arbitrated, and as a result, injunctive relief premised on the contract claims cannot proceed in this Court. (See, Docket no. 11, transcript of hearing of December 11, 2003, p. 13, l. 20-22 "we agree that the purely contractual matters of this case should be arbitrated.") Importantly, Plaintiffs' claims for injunctive relief are entirely based upon such contract claims. Plaintiffs' Original Complaint, p. 3, par. 3.2 (alleging that irreparable harm will result "because Finning ... has failed to continue paying the overhead.") Such overhead costs are obligations that arise purely under the parties' agreement (though such costs are vigorously contested by Finning and are central to the parties' pending arbitration). Thus, Plaintiffs have admitted that the injunctive relief they seek is subject to

the parties' arbitration agreement, and therefore it should not be brought before this Court. The Federal Arbitration Act, 9 U.S.C. § 3, by its terms, "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985).

5.  **Third,** the only basis stated by the Plaintiffs for their motion is that "plaintiff finds himself at the edge of financial ruin." Of course, if every plaintiff could get an injunction because they are broke, then the federal judiciary would be inundated with injunction hearings. As the Court well knows, however, a request for money will not support injunctive relief. See, e.g., *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210-211 (2002) (specific performance of a contract to pay money is not available in equity and a party cannot be enjoined to make payment of money past due under a contract). In the present case, Plaintiffs are seeking, at the injunction stage, to recover overhead payments and to sell equipment owned by Finning to satisfy such alleged payment obligations. Such a request is impermissible, nor can it be said to aid the arbitration.

6.  **Fourth,** the real reason for Plaintiffs' request for a hearing appears to relate to the progress of the arbitration in the case. The arbitrator in the case has now been selected, and he has conducted a Preliminary Hearing. The arbitrator's report, dated January 25, 2004, is attached hereto. As the arbitrator's Order indicates, the Plaintiffs have done nothing to expedite the arbitration, and instead they continue to evade even threshold matters such as who their counsel will be in the arbitration proceeding. Although the Plaintiffs' counsel in this case, Mr. Marchan, previously represented to this Court that he would also be counsel in the arbitration, he failed to participate in the Preliminary Hearing before the arbitrator, resulting in further confusion. (See Docket no. 11, p. 20, l. 8; Preliminary Hearing Report and Order, attached hereto). Indeed, if the Plaintiffs truly believe

that they need expedited relief, they can easily ask for such relief in the arbitration. Instead, they continue to seek to undermine the arbitration by asking this Court for relief, in contravention of the parties' arbitration and the law.

WHEREFORE, PREMISES CONSIDERED, Finning respectfully requests that this Court deny Plaintiffs' Motion.

Respectfully submitted,

_____
Jeffery R. Koch
Texas Bar No. 11645250
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5593 (Telephone)
(713) 752-0337 (Facsimile)
jkoch@smfs.com

ATTORNEY FOR DEFENDANT

OF COUNSEL:

SHANNON, MARTIN, FINKELSTEIN & SAYRE
A Professional Corporation
Mark S. Finkelstein
Texas Bar No. 07015100
S.D. Tex. No. 5543
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this ___29th___ day of January, 2004, I caused a true copy of the foregoing document to be served by fax and by certified mail, return receipt requested upon Ray R. Marchan, Mikal C. Watts, Watts Law Firm, L.L.P., 1926 E. Elizabeth, Brownsville, Texas 78520 and Alton W. Payne, Law Offices of Alton W. Payne, 5001 Bissonnet, Suite 200, Bellaire, TX 77401.

_____
Jeffery R. Koch



**International Centre for Dispute Resolution**

Luis Martinez
Vice President

Steve Kim
Assistant Vice President

1633 Broadway, 10th Floor, New York, NY 10019
Telephone: 212-484-4181 Facsimile: 212-246-7274
Internet: http://www.adr.org/ICDR

January 26, 2004

Gerald W. Ghikas, Q.C.
1200 Waterfront Centre
200 Burrard Street, P.O. Box 48600
Vancouver, B.C. V7X 1T2

Ray R. Marchan, Esq.
The Watts Law Firm
1926 East Elizabeth Street
Brownsville, TX 78520

Daniel Davis
Daniel E. Davis
P.O. Box 2427
Harlingen, TX 78551

Re: 50 T 181 00451 03
    Finning International Inc.
    vs
    Daniel E. Davis

Dear Parties:

This will acknowledge receipt of Report Of First Preliminary Hearing And Scheduling Order dated January 25, 2004 from Arbitrator Crain.

We have attached a copy for your reference.

Sincerely,

Tom Simotas
International Case Manager
212 484 4086
Simotasat@adr.org

Michael Namias
Team Leader
212 484 4170
Namiasm@adr.org

Cc: Alan R. Crain, Jr., Esq.

*A Division of the American Arbitration Association*

International Centre for Dispute Resolution
American Arbitration Association

*Amended [as of Sunday January 25, 2004]*
REPORT OF FIRST PRELIMINARY HEARING
AND
SCHEDULING ORDER

Case # 50 T 181 0045 1 03 - Finning International Inc. v. Daniel E. Davis

This Amended Report of First Preliminary Hearing and Scheduling Order (the "Amended First Report & Scheduling Order") is issued Sunday, January 25, 2004, in response to a letter dated and telefaxed to the Tribunal on the evening of Friday January 23, 2004, by Alton W. Payne, J.D., Ph.D., (the "Payne" letter). The Payne letter is both odd and inaccurate in many respects.

FIRST, the Payne letter states *"[T]he Report is incorrect that Mr. Payne would be withdrawing in place of Mr. Marchan as attorney for Respondent. I [Mr. Payne] had already withdrawn on October 23, 2003."* What makes this statement quite odd is that Mr. Payne was the only identified representative for Respondent participating in the First Preliminary Hearing. If Mr. Payne had "withdrawn" on October 23, 2003, it was incumbent on him to so advise the Tribunal at the beginning of the Hearing and to address exactly in what capacity and with what authority, if any, he was participating in the Hearing. Moreover, the issue of Mr. Payne's status arose only near the very end of the Hearing in the context of a discussion regarding the mechanics of document exchanges and proper addresses. Even at that point, Mr. Payne failed to clearly state what his status was relative to the Respondent and left the impression that he would be "withdrawing" in the future. No mention was made of any earlier withdrawal by Mr. Payne or any letter related thereto. The October 2003 letter noted in the Payne letter has not been provided to the Tribunal.

For Mr. Payne to compose the Payne letter attacking the accuracy of the Report of the First Preliminary Hearing and Scheduling Order (the "First Report & Scheduling Order") on the issue of his status is very odd indeed. If the First Report & Scheduling Order is inaccurate regarding his status such inaccuracy is the result of Mr. Payne's failure of candor and clarity during the First Preliminary Hearing.

1

SECOND, the Payne letter also strains to attack the First Report & Scheduling Order on its completeness. The Payne letter ignores the fact that the "Report" portion of the First Report & Scheduling Order begins with the statement "*In summary, the following matters were addressed.*" The primary purpose of the First Report & Scheduling Order is to provide the Parties with notice of any scheduling deadlines. It is not intended as a detailed record of the proceedings nor as a transcript.

As clearly stated in the Report section of the First Report & Scheduling Order, such section was only a "summary" and it was intended to identify what "matters" were "addressed". It was not intended as, nor was it indicated to be, a detailed rendition of the Hearing.

THIRD, the Payne letter's third paragraph is also very odd. It attacks the accuracy of the summary statement in the First Report & Scheduling Order that "*The Claimant and the Respondent informed the Tribunal of the cases related to the subject matter of the arbitration that have been filed by the Claimant and the Respondent in the United States District Courts located in Houston, Texas and in Brownsville, Texas, respectively.*" The First Report & Scheduling Order is accurate in reporting that both Mr. Payne and Counsel for the Claimant provided information to the Tribunal during the Hearing regarding the lawsuits. The Payne letter appears to wish to read the phrase "informed the Tribunal of the cases" as intending to indicate only who first mentioned the existence of the lawsuits. Only with effort can one believe that a participant in the actual Hearing could reach such a conclusion. Notwithstanding, in order to provide a superior grammatical approach to the thought expressed in the First Report & Scheduling Order the word "about" is substituted for "of" in such sentence. Such amendment has been made in the Report section below of this Amended First Report & Scheduling Order.

FOURTH, the Payne letter contains the following statement, "*The Claimant's attorney requested leave to amended [sic] the statement of claim to add fraudulent inducement to its other claims. The request to file for consideration by the arbitrator was granted over the "vigorous objection" of Respondent's attorney, which vigorous objection was 'duly noted' by the Arbitrator. The Report is completely silent about the objection, the fact that the Arbitrator noted the objection and proceeded to grant leave to file the amended claim over the objection.*"

While the quoted portion of the Payne letter is a little hard to decipher, especially the last sentence, the thrust of this portion of the Payne letter appears to make assertions that are clearly contrary to established facts. In particular, during the discussion of this issue, the

2

Tribunal related that the rules applicable to this arbitration, being International Dispute Resolution Procedures of the International Centre for Dispute Resolution ("ICDR") of the American Arbitration Association ("AAA") dated July 1, 2003 (the "Arbitration Rules") provide in relevant part at Article 4:

"<u>Amendments to Claims</u>

*Article 4*

During the arbitral proceedings, any party may amend or supplement its claim, counterclaim or defense, unless the tribunal considers it inappropriate to allow such amendment or supplement because of the party's delay in making it, prejudice to the other parties or any other circumstances".

The Tribunal did not therefore find any merit in Mr. Payne's "vigorous objection" that the Tribunal should summarily deny the Claimant even the opportunity to submit an amended claim for review by the Tribunal. It is clearly the right of either party to make such a submission and it is the duty of the Tribunal to rule on whether such amended claim will be admitted. That was all the Tribunal agreed to allow during the Hearing and that is all that the First Report & Scheduling Order stated: "*2. The Arbitration Tribunal shall review Claimant's Amended Statement of Claim and intends to rule on whether it will be allowed ....*"(*see paragraph # 2 of the Order repeated below*).

FIFTH, the Payne letter attempts to attack the First Report & Scheduling Order by stating "*[I]t is appropriate for the person preparing the Report to sign it. By the person preparing the report signing the Report, we can be sure who's [sic] recollection the Report represents.*" By the phrase "sign it" one must infer that the Payne letter means a handwritten signature. The First Report & Scheduling Order was signed, albeit not by a handwritten signature. In addition it was sent to the parties by the ICDR and it was stated to be from the Tribunal. The Tribunal is comprised of a sole arbitrator. It bore the name of that arbitrator and, despite the attempt by the Payne letter to create doubts to the contrary, it accurately reflects the Hearing and the Scheduling Order. Moreover, the copy transmitted to the ICDR was transmitted by email and did not bear a handwritten signature in the interest of time and in the interest of having a clear Order rather than a telefax of lesser quality. In addition, there is no requirement in the ICDR rules that a handwritten signature be affixed to any Report or Scheduling Order. Most importantly, there could be no confusion as to whose recollection the Report represents.

3

FINALLY, it is difficult to understand why the Payne letter was submitted. It does nothing to clarify anything having to do with the Hearing or the First Report & Scheduling Order. Rather it appears only to seek to confuse and distort the record in order to assert that the First Report & Scheduling Order "reads with prejudice toward [sic] Claimant". Any assertion of prejudice against any party is without foundation and is wholly inaccurate.

THEREFORE, the First Report & Scheduling Order is amended to the extent noted below as indicated by the use of bold typeface.

Pursuant to the International Dispute Resolution Procedures of the International Centre for Dispute Resolution (ICDR), the First Preliminary Hearing was held on January 21, 2004, before Arbitrator Alan Crain. Appearing at the hearing were Gerald W. Ghikas, Q.C. and Mr. Dean for the Claimant and Alton W. Payne, Esq. for the Respondent. Mr. Tom Simotas, Case Manager, served as representative for the ICDR / AAA. Subsequent to the Hearing, Mr. Payne has placed in question the exact nature of his capacity and authority to represent the Respondent at the Hearing. Such issue is to be addressed by Respondent as set forth in the Order below.

### *Report*

In summary, the following matters were addressed at the First Preliminary Hearing. (1) The Claimant and the Respondent informed the Tribunal about the cases related to the subject matter of the arbitration that have been filed by the Claimant and the Respondent in the United States District Courts located in Houston, Texas and in Brownsville, Texas, respectively. (2) The Claimant requested the opportunity to submit an amended claim. (3) Mr. Payne indicated he would be withdrawing from the case and that Mr. Ray Marchan would join in the representation of the Respondent. Subsequent to the Hearing, Mr. Payne has placed in question the exact nature of his capacity and authority to represent the Respondent at the Hearing. Such issue is to be addressed by Respondent as set forth in the Order below.

4

*By Order of the Arbitration Tribunal, the following is now in effect:*

1. By the close of business on Wednesday, February 4, 2004, the Claimant shall cause the following to be delivered to each of the arbitrator, the AAA and the other Respondent:
   - Claimant's Amended Statement of Claim together with any supporting documents.

2. The Arbitration Tribunal shall review Claimant's Amended Statement of Claim and intends to rule on whether it will be allowed by the time of the Second Preliminary Hearing. It is also intended that the ICDR / AAA (Mr. Simotas) shall set such hearing during late February 2004.

3. It is specifically agreed that any and all documents to be filed with or submitted to the Arbitrator outside the hearing may be sent directly to the Arbitrator at the address noted below. Copies of said documents shall also be sent simultaneously to the opposing party and the ICDR / AAA. There shall be *no* direct oral *or* written communication between the parties and the Arbitrators, except as provided in this Scheduling Order.

4. **As a result of questions that have been raised by the Payne letter (as defined above) the ICDR is directed to send a copy of this Amended First Report & Scheduling Order to Ray R. Marchan, Esq. and Mr. Marchan is ordered to confirm in writing to the Tribunal, on or before February 4, 2004, whether he is counsel to Respondent and, if so, to identify any other counsel who are also authorized to represent the Respondent in this arbitration and to specify the exact capacity and authority of any such counsel, including discussion of what capacity and authority, if any, Mr. Payne had to represent Respondent during the First Preliminary Hearing.**

5. This order shall continue in effect unless and until amended by subsequent order of the Arbitration Tribunal.

Dated:     January 25, 2004

Alan Crain
3900 Essex Lane
Suite 1200
Houston, Texas 77019
713-439-8718
fax: 281-582-5909
arcrain100@aol.com

5