IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANIEL E. DAVIS and DAVCRANE, INC. § § Plaintiffs § § V. § § FINNING INTERNATIONAL, INC. § Defendant § | CIVIL ACTION NO. B-03-206 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1) State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

As a preliminary matter, Finning International, Inc. ("Finning") must reserve all rights relating to the arbitration proceeding more particularly identified in response 2 below (the "Arbitration"), to ensure that Finning is not deemed to have waived any right to proceed exclusively in the Arbitration, and in litigation filed in aid of the Arbitration, now pending in the Houston Division of this Court. Finning respectfully refers the Court to Finning's Motion to Stay Suit Pending Arbitration; Motion to Stay or Dismiss due to Prior-Filed Action; Motion to Dismiss for Insufficient Service of Process; and Subject Thereto, Motion to Transfer Venue (Dkt # 4) ("Finning's Motion to Stay Suit"), which Finning incorporates by this reference.

The parties conducted the meeting telephonically on January 29, 2004 beginning at approximately 2:30 p.m. The participants were:

Counsel for Daniel E. Davis and DavCrane, Inc.:

Ray R. Marchan
Texas Bar No. 1269050
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500 (Telephone)
(956) 541-0255 (Facsimile)
rrmarchan@wattslawfirm.com

**Counsel for Finning International, Inc.:**

Mark S. Finkelstein
Texas Bar No. 07015100
*mfinkelstein@smfs.com*
Jeffery R. Koch
Texas Bar No. 11645250
*jkoch@smfs.com*
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

2) List the cases related to this one that are pending in any state or federal court with the case number and court.

    A. International Arbitration No. 50-T-181-0045-1-03; In the Matter of the International Commercial Arbitration between Finning International, Inc., Claimant, and Daniel E. Davis and DavCrane, Inc., Respondents.

    B. Civil Action No. H-03-5080, Finning International, Inc. v. Daniel E. Davis and DavCrane, Inc., In the United States District Court for the Southern District of Texas, Houston Division, filed on November 5, 2003.

3) Specify the allegation of federal jurisdiction.

**Daniel E. Davis and DavCrane, Inc. ("Plaintiffs") allege jurisdiction under 28 U.S.C. § 1332.**

4) Name the parties who disagree and the reasons.

**Finning disagrees that the Court has should exercise subject matter jurisdiction on the basis of the prior pending Arbitration, and prior litigation in aid of the Arbitration pending within the jurisdiction of the Houston Division of this Court.**

5) List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **None.**

6) List anticipated interventions.

    **None.**

7)     Describe class-action issues.

**None.**

8)     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Plaintiffs agree to provide initial disclosures to the Defendants within 1 week. Finning submits that initial disclosures are not appropriate in the circumstances of this action, and object to serving Rule 26 disclosures at this time. Finning has raised a challenge to the Court's exercise of jurisdiction in light of the pending Arbitration, and has moved the Court to stay, dismiss, or transfer this action to the Houston Division of this Court. In this circumstance, until the issues of jurisdiction, stay, and proper venue are resolved, Defendants believe no benefit would result from serving initial disclosures.**

9)     Describe the proposed agreed discovery plan, including:

**As specified in response to 8 above, the parties are not agreed to setting a discovery schedule until the resolution of issues raised by Finning's Motion to Stay Suit. However, plaintiffs are willing to set deadlines and discovery schedules.**

    a)     Responses to all the matters raised in Rule 26(f).

    **Not agreed.**

    b)     When and to whom the plaintiff anticipates it may send interrogatories.

    **Plaintiff anticipates sending interrogatories within 30 days of the meeting.**

    c)     When and to whom the defendant anticipates it may send interrogatories.

    **Not agreed.**

    d)     Of whom and by when the plaintiff anticipates taking oral depositions.

    **Plaintiffs would like to proceed with the depositions of defendants, their business representatives, their financial representatives, as well as, depositions of lay witnesses regarding the business loss suffered by Plaintiffs.**

    e)     Of whom and by when the defendant anticipates taking oral depositions.

    **Not agreed.**

f)  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Not agreed. The Plaintiffs propose designating and providing expert reports 75 days from the date of this meeting.**

g.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Not agreed. The plaintiff would like to take depositions commencing immediately and completing them in 90 days from the date of this meeting.**

h.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Not agreed.**

10) If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**As specified in response to 8 above, the defendants object to setting a discovery schedule until the resolution of issues raised by Finning's Motion to Stay Suit.**

11) Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12) State the date the planned discovery can reasonably be completed.

**Unknown at the present time.**

13) Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties do not believe there is a possibility for a prompt settlement or resolution of the case.**

14) Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties mediated the case for two days in late December 2003 and continued settlement negotiations with the assistance of the mediator in January 2004, but are at an impasse.**

15) From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Finning maintains that the dispute must be submitted to binding arbitration in accordance with the parties' written agreement to arbitrate. Plaintiffs agree that the contract claims may be subject to the arbitration agreement, but contend that the initial question as to the existence of an enforceable agreement, as well as, extra-contractual claims are not subject to arbitration.**

16) Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties' joint position is that they do not want a trial before a magistrate judge.**

17) State whether a jury demand has been made and if it was made on time.

**Plaintiffs have made a timely jury demand.**

18) Specify the number of hours it will take to present the evidence in this case.

**Approximately 36 hours.**

19) List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Finning's Motion to Stay Suit Pending Arbitration; Motion to Stay or Dismiss due to Prior-Filed Action; Motion to Dismiss for Insufficient Service of Process; and Subject Thereto, Motion to Transfer Venue (Dkt # 4).**

**Plaintiffs' Motion for a Status Conference (Dkt # 14) and Finning's Opposition To Plaintiffs' Motion for a Status Conference (Dkt # 16).**

20) List other motions pending.

**Plaintiffs' Plaintiffs' Motion for Emergency Hearing on Request for Temporary Injunction (Dkt # 17) and Finning's Opposition To Plaintiffs' Motion for Emergency Hearing On Request For Temporary Injunction.**

21) Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Finning is a foreign corporation whose principals and witnesses would have to travel from Canada to participate in the trial of this case.**

22) List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Daniel E. Davis and DavCrane, Inc.:**

Ray R. Marchan
Texas Bar No. 1269050
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500 (Telephone)
(956) 541-0255 (Facsimile)
*rrmarchan@wattslawfirm.com*

**Counsel for Finning International, Inc.:**

Mark S. Finkelstein
Texas Bar No. 07015100
*mfinkelstein@smfs.com*
Jeffery R. Koch
Texas Bar No. 11645250
*jkoch@smfs.com*
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

Dated: January 30, 2004

Respectfully submitted,

*/s/ Mark Finkelstein*
Mark S. Finkelstein
Texas Bar No. 07015100
mfinkelstein@smfs.com
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

ATTORNEY FOR DEFENDANT,
FINNING INTERNATIONAL, INC.

**Counsel for Daniel E. Davis and DavCrane, Inc.:**

Ray R. Marchan
Texas Bar No. 1269050
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500 (Telephone)
(956) 541-0255 (Facsimile)
rrmarchan@wattslawfirm.com

**Counsel for Finning International, Inc.:**

Mark S. Finkelstein
Texas Bar No. 07015100
mfinkelstein@smfs.com
Jeffery R. Koch
Texas Bar No. 11645250
jkoch@smfs.com
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

Dated: January 30, 2004

Respectfully submitted,

Mark S. Finkelstein
Texas Bar No. 07015100
mfinkelstein@smfs.com
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

ATTORNEY FOR DEFENDANT,
FINNING INTERNATIONAL, INC.

- 7 -

OF COUNSEL:
SHANNON, MARTIN, FINKELSTEIN & SAYRE
A Professional Corporation
Jeffery R. Koch
Texas Bar No. 11645250
jkoch@smfs.com
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5500 (Telephone)
(713) 752-0337 (Facsimile)

_____
Ray R. Marchan
Texas Bar No. 1269050
Fed. I.D. No. 9522
rrmarchan@wattslawfirm.com
1926 E. Elizabeth
Brownsville, TX 78520
(956) 544-0500 (Telephone)
(     956) 541-0255 (Facsimile)

ATTORNEY FOR PLAINTIFFS,
DANIEL E. DAVIS and DAVCRANE, INC.

OF COUNSEL:

Watts Law Firm, L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520
(956) 544-0500 (Telephone)
(956) 541-0255 (Facsimile)

## CERTIFICATE OF SERVICE

      This is to certify that on January 30, 2004, I caused a true copy of the foregoing Joint Report of Meeting and Joint Discovery/Case Management Plan under Rule 26(f) to be served via facsimile and First Class United States Mail, postage prepaid, upon the parties set forth below.

Mark S. Finkelstein
Jeffery R. Koch
Shannon, Martin, Finkelstein & Sayre, P.C.
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 752-0337 (Facsimile)

_____
Ray R. Marchan