United States District Court
Southern District of Texas
FILED

FEB 0 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINNING INTERNATIONAL INC., | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-03-5080 |
| | § | HONORABLE NANCY F. ATLAS |
| DANIEL E. DAVIS and DAVCRANE, INC., | § § § | |
| Defendants. | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS and DAVCRANE, INC. | § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. B-03-206 |
| | § | HONORABLE ANDREW S. HANEN |
| FINNING INTERNATIONAL, INC. | § § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO CONSOLIDATE
AND IN OPPOSITION TO DEFENDANTS' ALTERNATIVE MOTION TO STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Finning International, Inc. ("Finning") replies to the Defendants' Response to Motion to Consolidate and Alternative Motion for the Houston Court to Stay its Proceedings, as follows:

### Introduction.

1. Interestingly, the Defendants concede that consolidation is proper in some forum. (See Defendants' Response, p. 3 "Davis agrees with Finning that these two actions should be

consolidated.") The dispute is whether this Court, or the Brownsville Court, should maintain jurisdiction over the consolidated actions.

2. The Defendants also concede that the general rule is that this Court -- where suit was filed first -- ordinarily should preside over a consolidated case.[1] Defendants, however, urge two bases for seeking priority of the Brownsville action, namely that Finning's suit was allegedly an improper "anticipatory suit," and that the Brownsville suit is supposedly more convenient to the parties. Finning disagrees strongly with each of these supposed exceptions to the general rule, and will discuss each in turn below.

### Defendants' Caselaw on the First-to-File Doctrine is Inapposite.

3. Defendants are simply wrong about the law in stating that "anticipatory suits" are an exception to the general rule that first-filed suits take priority over later-filed suits. No such exception exists except in circumstances where the first suit is a declaratory judgment action.[2] Even a cursory review of Finning's suit filed in this Court shows that Finning has not requested declaratory relief, but instead has asked to enforce an arbitration provision and to protect assets that are subject to the arbitration.

4. The line of caselaw cited by Defendants is based upon the unique nature of declaratory judgment actions, which do not always provide an independent basis for venue. 10B C. Wright, A. Miller and M. Kane, FEDERAL PRACTICE AND PROCEDURE §2758 (1998) (discussing that the general

---

[1] The Fifth Circuit adheres to the general rule that the court in which an action is filed first is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. See *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Save Power v. Syntek Fin. Corp*, 121 F.3d 947, 950 (5th Cir. 1997). This rule applies where related cases are pending before two judges in the same district, as is the case here, as well as where related cases have been filed in different districts. See *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992).

[2] Indeed, were the law otherwise, then every time there is a contract dispute involving claims and counterclaims between two parties, whoever files first would be deemed subordinate to the second party filing

priority given to first-filed cases does not automatically apply when the first suit is solely a declaratory judgment action). The Fifth Circuit cases cited by Defendants are clearly based only upon declaratory judgment claims. *Pacific Employers Ins. Co. v. M/V W.D. Cargill*, 751 F.2d 801, 801 (5th Cir. 1985) ("This Court has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping."); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 599-602 (5th Cir. 1983) ("This declaratory judgment action was filed ... seeking construction of a[n] [insurance] policy .... In determining whether the district court acted correctly it is important to consider the nature of a declaratory judgment.)

4. One of Defendants' cases, cited because it supposedly supports the rationale of barring "anticipatory suits," discusses the matter as follows:

> The reason that many courts have disallowed use of a declaratory judgment action to establish venue is found in the underlying purposes of the Declaratory Judgment Act (the "Act"), codified at 28 U.S.C. §2201 .... In *Koch Engineering Company, Inc. v. Monsanto Company*, 621 F.Supp. 1204, 1206 (D.C. Mo. 1985), the court rejected the first-to-file rule, holding that the plaintiff's suit was no more than a race to the courthouse, and that it furthered [**12] none of the purposes of a declaratory judgment action. Rather, it denied the injured party the right to choose the forum in which to seek redress. *Id.* at 1207; see also *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969), *cert. denied*, 395 U.S. 959, 23 L. Ed. 2d 745, 89 S. Ct. 2100 (1969).

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 998 (E.D. Tex. 1998). Thus, the real rationale of the exception is that a purely defensive declaratory action should not be allowed to control venue.

---

suit. This of course would turn the general first-to-file rule on its head.

5.   In the present dispute it is important to remember that Finning, not the Defendants, was first to assert affirmative claims, both in the arbitration and in this Court. Indeed, while Defendants imply that Finning acted improperly by seeking to pursue its affirmative claims in this Court,[3] it is actually the Defendants' action in filing suit in Brownsville that is suspicious. That suit, unlike the present case, seeks to circumvent the then-pending arbitration between the parties, and to ignore venue mandates of arbitration law, which require that suits seeking interim relief during an arbitration be filed in the locale of the arbitration. 9 U.S.C. § 204 (the proper forum for filing a request to the court is the city in which the arbitration is to be conducted). In the present case, the parties' agreement stipulated that Houston was the venue for the arbitration. Finning, though headquartered in Canada, properly initiated the arbitration in Houston. As a result, the venue selected by Finning in its first-filed suit, in proper support of its affirmative claims in the arbitration, should be honored and should take priority over a second suit that seeks to disregard the arbitration.

### The Convenience of the Parties.

6.   As a threshold matter concerning the Defendants' second argument, it is significant to note that the Defendants have not cited any legal authority in support of their assertion that this Court should consider a *forum non conveniens* argument in the context of a consolidation motion. Indeed, Finning believes that this argument has no application to its Motion to Consolidate, but instead is a challenge to venue. Accordingly, the challenge should have been raised by a timely Rule 12(b) motion challenging venue. In this case, however, the Defendants filed an answer without filing a Rule

---

[3]   Defendants cite excerpts from the hearing transcript of December 5, 2003, in the Brownsville for the proposition that Finning's suit was in anticipation of the Brownsville suit. However, Finning also states in the transcript sections quoted by Defendants that "we wanted to make sure that the arbitration went forward," and "we didn't know exactly if they were going to file or not, but we ... did want to have some preservation of the assets."

12(b) motion to challenge venue, and accordingly Defendants have waived any venue challenge they might otherwise have had. FRCP 12(h).

7. Further, as another threshold matter, the Defendants have submitted only minimal proof in support of their *forum non conveniens* argument, in the form of authenticating documents reflecting the addresses of the parties and location of certain assets. Under FRCP 12(b)(3), the pleadings relating to venue are not accepted as true, and separate proof must be submitted. *Argueta v. Banco Mexicano*, 87 F.3d 320, 323-324 (9th Cir. 1996). This requirement is not simply a matter of form over substance. Attached hereto as Exhibit A is an authenticated copy of a franchise tax record filed by the Defendants with the Texas Secretary of State. This record, the Public Information Report, reflects that Davcrane, Inc.'s agent and president is Daniel Davis, and that Mr. Davis's address is in Houston. Far from Houston having no connection with the Defendants, as asserted in Defendants' brief, or it being an inconvenient forum, the two Defendants have filed franchise tax records reflecting their connection to this forum. Therefore, the Defendants have not only failed to submit any proof of hardship or inconvenience in connection with this forum, but they are improperly silent concerning their real contacts with the locale.

8. The Defendants also make an alternative request for a stay of this suit, but without any discussion or authority for the elements that should be established for a stay. Finning opposes this alternative motion. Without evidence or authority, this alternative motion should also be denied.

9. To the extent that this Court believes that a *forum non conveniens* argument is a factor to consider in connection with either of the issues raised by the Defendants, Finning now discusses the issue further.[4] First, the parties have agreed in their contract that Houston is the proper venue to resolve their dispute. Section 14.1 of the Distributor Agreement provides: "The place of arbitration

---

[4] This discussion also responds to Defendants' final argument in their response brief, asserting that the

will be Houston, Texas." Thus, the parties have stipulated that Houston is a reasonable, convenient, and appropriate venue for resolving their dispute. It should make no difference to the Defendants whether, in aid of and as a part of the arbitration process, this Court in Houston holds jurisdiction to enforce the arbitration. There is no logical argument for the notion that Houston is convenient for arbitration proceedings, but not for court proceedings.

10. Further, the Defendants have failed to provide legal support identifying which factors are truly significant when undertaking a *forum non conveniens* analysis. The fact that some assets that are subject to the arbitration are physically located in Harlingen is not significant to the issue of the convenience of the parties and the witnesses. The assets will not need to appear at the arbitration hearing, or in a hearing in this Court. Finning agreed to a Houston venue, despite its base in Canada, in order to preserve a neutral forum that was accessible by everyone. It is far less convenient for Finning's representatives in Edmonton travel to Houston than it is for the Defendants to travel to Houston.

11. In addition, at the time that Finning filed this suit, the Defendants' counsel was a Houston attorney, Mr. Alton Payne. Mr. Payne is reflected in the parties' Distributor Agreement as one of the proper persons to receive notice under the agreement. In fact he has remained active in this dispute, appearing both in the Brownsville action and in the mediation that the parties conducted recently, without success. Finning's counsel in this suit is also based in Houston. Thus, as of the time of filing suit, the convenience of all counsel weighed in favor of Houston. Additionally, as discussed above and reflected by Exhibit A, the Defendants have some undisclosed connection with Houston, and Finning suggests that such connection is likely substantial, given the residence of Defendants' counsel. In any event, the Defendants' association with Houston counsel and filing records reflecting a

---

Brownsville court can respond to the arbitration issues as properly as can this Court.

Houston address for franchise tax purposes undermines their supposed non-involvement with this venue.

12. Finally, it makes no sense to order consolidation into a court where venue is not proper and where the relief sought requires a stay or dismissal of the suit. Importantly, in the Brownsville suit, the Defendants did not seek relief in aid of the arbitration (as did Finning in this case). Instead, the Defendants' suit sought relief in contravention of the arbitration and wholly disregarded it. A suit that seeks to disregard the arbitration is not permitted. *RGI, Inc. v. Tucker & Assocs., Inc.*, 858 F.2d 227, 228-30 (5th Cir. 1988) (concluding that "it was appropriate for the district court to issue the preliminary injunction to insure that the arbitration clause of the contract will be carried out as written"); TEX. CIV. PRAC. & REM. CODE § 172.175 (Vernon's 2003) ("[a] party to an arbitration agreement may request an interim measure of protection from a district court before or during an arbitration"). Accordingly, Finning believes that consolidation before this Court is the only sensible approach to the Courts' management of this dispute.

WHEREFORE, PREMISES CONSIDERED, Finning respectfully requests that this Court grant Finning's motion seeking the consolidation in Houston of the Brownsville suit with the present action, and grant other just relief.

Respectfully submitted,

Jeffery R. Koch
Texas Bar No. 11645250
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5593 (Telephone)
(713) 752-0337 (Facsimile)

ATTORNEY FOR PLAINTIFF

-8-

OF COUNSEL:

SHANNON, MARTIN, FINKELSTEIN & SAYRE
A Professional Corporation
Mark S. Finkelstein
Texas Bar No. 07015100
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5503 (Telephone)
(713) 752-0337 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2004, I caused a true copy of the foregoing document to be served by certified mail, return receipt requested upon Ray R. Marchan, Mikal C. Watts, Watts Law Firm, L.L.P., 1926 E. Elizabeth, Brownsville, Texas 78520 and Alton W. Payne, Law Offices of Alton W. Payne, 5001 Bissonnet, Suite 200, Bellaire, TX 77401, counsel for Plaintiffs, Daniel E. Davis and Davcrane, Inc.

_____
Jeffery R. Koch

# AFFIDAVIT OF AUTHENTICITY

STATE OF TEXAS )
               )
HARRIS COUNTY  )

BEFORE ME, the undersigned Notary Public, on this day personally appeared Jeffery R. Koch, known to me, and having been first duly sworn by me according to law, upon his oath deposed and stated as follows:

"My name is Jeffery R. Koch. I have been a licensed attorney for over twenty (20) years, with a practice located in Houston, Texas. I am an attorney with the law firm of Shannon, Martin, Finkelstein & Sayre, P.C., which has been retained by Finning International, Inc. in connection with the lawsuit bearing Civil Action No. H-03-5080, pending in the United States District Court for the Southern District of Texas, Houston Division.

I am of sound mind, capable of making this affidavit, and I have personal knowledge of each and every statement below.

Attached to this Affidavit is a true and correct copy of the Texas Franchise Tax Public Information Report that is contained in the records of the Texas Office of the Secretary of State. This form was accessed and printed from the Texas Secretary of State's website on February 4, 2004, and it reflects a signature date of April 15, 2003 by the filing entity.

Further affiant sayeth not."

_____
Jeffery R. Koch

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said Jeffery R. Koch, on the 4th day of February, 2004, to certify which witness my hand and seal of office.



SUSAN GRIMM
MY COMMISSION EXPIRES
May 22, 2004

_____
NOTARY PUBLIC, STATE OF TEXAS

# EXHIBIT A

05-102
(Rev. 2-03/21)
T Code ■ 13196

3333  b.#

Do not write in the space above

c. Taxpayer identification number
**17429550928**

d. Report year
**2003**

**TEXAS FRANCHISE TAX
PUBLIC INFORMATION REPORT**
MUST be filed to satisfy franchise tax requirements

Corporation name and address

DAVCRANE, INC.
P.O. BOX 2427
HARLINGEN, TX  78551

e. PIR / IND  ☐ 1, 2, 3, 4

Secretary of State file number or, if none,
Comptroller unchartered number

Item 4 on Franchise
Tax Report
form, Page 1   **0157717000**

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation or limited liability company that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information. **Please sign below!**

○ Blacken this circle completely if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
115 EAST VAN BUREN SUITE 204 HARLINGEN, TX. 78550

Principal place of business
115  EAST VAN BUREN SUITE 204 HARLINGEN, TX. 785520

SECTION A. Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| DANNIEL DAVIS | PRESIDENT | ☐ YES | |
| MAILING ADDRESS: 115 EAST VAN BUREN SUITE 204 HARLINGEN, TX. 78550 | | | Expiration date (mm-dd-yy) |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |

SECTION B. List each corporation or limited liability company, if any, in which this reporting corporation or limited liability company owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. Use additional sheets, if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| NONE | | | |
| | | | |

SECTION C. List each corporation or limited liability company, if any, that owns an interest of ten percent (10%) or more in this reporting corporation or limited liability company. Enter the information requested for each corporation or limited liability company if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| NONE | | | |

Registered agent and registered office currently on file. (Changes must be filed separately with the Secretary of State.)
Agent: DANIEL E DAVIS
Office: 2526 AIRLINE DRIVE 107-108
HOUSTON, TX. 77009

○ Blacken this circle if you need forms to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or limited liability company or a related corporation.

sign here ▶ [signature]   Title: President   Date: 9/15/03   Daytime phone (Area code and number)

CCH

EXHIBIT A