IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
FILED
FEB 1 1 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANIEL E. DAVIS ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-206 |
| | § | |
| FINNING INTERNATIONAL, INC. | § | |

### ORDER

The Plaintiffs filed this action in this Court on November 7, 2003. Docket No. 1. Two days earlier, the Defendant had filed "a separate but related lawsuit in the Houston Division of the United States District Court for the Southern District of Texas, seeking to compel arbitration, to preserve the equipment and related property in the interim." Docket No. 4 at ¶ 11; see also id. at Exhibit 1 (copy of complaint in cause number H-03-5080 dated November 5, 2003). The Defendant in this lawsuit has requested that this Court either stay or dismiss the Plaintiffs' action on the basis of its preexisting suit in the Houston Division or transfer the matter to the Houston Division. Id. at ¶¶ 11-15, 21-24. The Plaintiffs oppose these requests. Docket No. 9. Having considered the arguments and the briefs of the parties, the Court hereby **ORDERS** this suit transferred to Judge Nancy F. Atlas of the Houston Division, the District Judge presiding over the first-filed action.

The law in this Circuit on this issue is unambiguous. Under the discretionary First-to File Rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlaps." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). This rule of "comity and sound judicial administration" is applicable when "related cases are pending before two judges in the same district, as is the case here, as well as whe[n] related cases have been filed in different districts." Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950-51 (5th Cir. 1997).

A comparison of the complaint filed in this Court and the complaint filed in the Houston Division, as well as the parties' representations during a December 19, 2003 hearing, leave no doubt that the two lawsuits are predicated on the same factual scenario. While they may disagree on the conclusion, neither party has asserted any contrary contention concerning the facts. Indeed, the Defendant in this suit persuasively argues that both suits involve the same basic legal and factual

disputes between identical parties. Docket No. 13 at ¶¶ 4-5. Likewise, the Plaintiffs concur that the two lawsuits ought to be consolidated. Docket No. 20 at ¶ 2.1 ("Davis agrees with Finning that these two actions should be consolidated."). Accordingly, this Court finds that there is substantial overlap between the two lawsuits at issue.

Having found the existence of substantial overlap, this Court's inquiry is at an end. "'Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] . . . no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed.'" Cadle Co., 174 F.3d at 605 (quoting Mann Mfg., Inc. v. Hotex, Inc., 439 F.2d 403, 407 (5th Cir. 1971)). Courts in this Circuit follow the rule "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Save Power Ltd., 121 F.3d at 950. "Therefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." Sutter Corp. v. P&P Induss, Inc., 125 F.3d 914, 920 (5th Cir. 1997). The second-filed court should transfer the suit before it to the first-filed court so that the latter may "determine which case should, in the interests of sound judicial administration and judicial economy proceed." Cadle Co., 174 F.3d at 606; see also Chan v. Brother Int'l Corp., No. 4:02-CV-1022-A, 2003 WL 21281678, at *2 (N.D. Tex. May 28, 2003) (unpublished opinion) ("The second-filed court should transfer an action to the first-filed court if it determines the substantive issues in the two actions 'might substantially overlap.'").[1]

Therefore, the various motions filed by both parties, with the exception of the Defendant's motion to transfer, are deferred to Judge Atlas of the Houston Division. This Court hereby

---

[1] The Plaintiffs argue that there exists an exception to the First-to-File Rule for lawsuits of a purely anticipatory nature. Docket No. 9. The Defendant disputes this contention. Docket No. 12. Whatever the merits might be, this is not a matter for this Court's consideration. The Plaintiffs' argument really pertains to whether this dispute should ultimately be heard in the Brownsville Division or the Houston Division. The First-to-File Rule dictates that the appropriate forum for the ultimate determination of this issue is the first-filed court. Cadle Co., 174 F.3d at 606; Sutter Corp., 125 F.3d at 920; see also Texas Instruments, Inc. v. Micron Semiconductor, Inc., 815 F. Supp. 994, 999 (E.D. Tex. 1993) (concluding "that the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed," notwithstanding allegations that the suit in the first-filed forum was anticipatory in nature) (emphasis omitted).

**GRANTS** the Defendant's motion to transfer and transfers this matter to Judge Nancy F. Atlas of the Houston Division.

Signed in Brownsville, Texas, this 9th day of February, 2004.

ANDREW S. HANEN
UNITED STATE DISTRICT JUDGE